FILED

UNITED STATES DISTRICT COURT SEP 14 PM 4:40
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:21cr308 TPB-AEP

COREY SMALL

18 U.S.C. § 1951
18 U.S.C. § 924(c) and (j)
21 U.S.C. § 846
18 U.S.C. § 922(g)(1)

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**
**(Interference with Commerce by Robbery)**

On or about March 14, 2014, in the Middle District of Florida, the defendant,

COREY SMALL,

did knowingly—in any way and degree— obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), by knowingly and unlawfully taking and obtaining personal property, from the person and in the presence of another, that is, an employee of Peter's Dry Cleaning, located at 2810 34th Street South, St. Petersburg, Florida—an entity that operated in and affected

interstate commerce—against the person's will, by threatening immediate force and violence to that person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT TWO
### (Use of a Firearm During and in Relation to a Crime of Violence)

On or about March 14, 2014, in the Middle District of Florida, the defendant,

COREY SMALL,

did knowingly possess a firearm in furtherance of, and did knowingly use, carry, and brandish a firearm during and in relation to, a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, the robbery alleged in Count One of this Information.

In violation of 18 U.S.C. §§ 924(c) and 924(c)(1)(A)(ii).

## COUNT THREE
### (Drug Conspiracy)

Beginning on an unknown date and continuing through and including on or about November 16, 2018, in the Middle District of Florida, the defendant,

COREY SMALL,

2

did knowingly and willfully conspire with other persons to distribute a controlled substance. The violation involved cocaine and cocaine base, both Schedule II controlled substances.

In violation of 21 U.S.C. §§ 846 and 841(b)(1)C).

## COUNT FOUR
### (Use of a Firearm During and in Relation to a Drug Trafficking Crime, Causing the Death of L.F. by Murder)

On or about November 16, 2018, in the Middle District of Florida, the defendant,

COREY SMALL,

did knowingly possess a firearm in furtherance of, and did knowingly use, carry, brandish, and discharge a firearm during and in relation to, a drug trafficking crime for which he may be prosecuted in a Court of the United States, specifically, the drug conspiracy alleged in Count Three of this Information. In the course of that crime, the defendant caused the death of L.F. through the use of a firearm. The killing of L.F. was murder, as defined in 18 U.S.C. § 1111, in that it was committed with malice aforethought and was a willful, deliberate, malicious, and premeditated killing.

In violation of 18 U.S.C. §§ 924(c), 924(c)(1)(A)(iii), and 924(j)(1).

## COUNT FIVE
### (Felon in Possession of a Firearm and Ammunition)

On or about November 19, 2018, in the Middle District of Florida, the defendant,

COREY SMALL,

knowing that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year—including Introduction of Contraband into a State Correctional Facility, on or about March 5, 2018—did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a .25-caliber, Bryco Arms, semi-automatic pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE

1.  The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture, pursuant 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

2.  Upon conviction of any violation of 18 U.S.C. § 1951, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, and,

pursuant to 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition used or involved in the offense.

3. Upon conviction of any violation of 18 U.S.C. § 924 or 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. Upon conviction of any violation of 21 U.S.C. § 846, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of the violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

5. The property to be forfeited includes a .25-caliber, Bryco Arms, semi-automatic pistol.

6. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

KARIN HOPPMANN
Acting United States Attorney

By: *[signature]*
Natalie Hirt Adams
Assistant United States Attorney

By: *[signature]*
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crime and Narcotics Section